UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ROCHELLE YOUNG, | § <br> § |
| Plaintiff | § **Case No.:** <br> § |
| v. | § **COMPLAINT AND DEMAND FOR** <br> § **JURY TRIAL** |
| MEDICREDIT, INC., | § <br> § **(Unlawful Debt Collection Practices)** |
| Defendant | § <br> § |

## **COMPLAINT**

ROCHELLE YOUNG ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MEDICREDIT, INC. ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Texas and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Austin, Texas 78723.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. 153 (39).

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. Defendant is a debt collection company located at 3 City Place Drive, Suite 6900, Saint Louis, Missouri 63141.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6), who repeatedly contacted Plaintiff in an attempt to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**FACTUAL ALLEGATIONS**

12. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

13. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

14. The debt at issue, a medical bill, arose out of transactions primarily for personal, family, or household purposes.

15. By way of background, beginning in or around January 2016, Defendant began placing telephone calls to Plaintiff's cellular telephone concerning an alleged medical debt.

16. Defendant's calls originated from the numbers including, but not limited to; (800) 888-2238. The undersigned has confirmed that this number belongs to Defendant.

17. Frustrated by the repeated calls, Plaintiff told Defendant to stop calling in March 2016, revoking any consent Defendant may have had to call Plaintiff on her cellular telephone.

18. Once Defendant knew its calls were unwanted any further calls could only have been for the purposes of harassing Plaintiff.

19. Thereafter, Defendant ignored Plaintiff's request and continued to call through April 2016.

20. When calling Plaintiff, Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice.

21. Plaintiff knew that she was using an automatic telephone dialing system, automated message and/or prerecorded voice as Defendant's calls would begin with a pre-recorded message.

22. Defendant's telephone calls were not made for "emergency purposes."

23. Finally, in order to stop Defendant's calls, Plaintiff was forced to download a call blocking application to her cellular telephone to block Defendant's calls.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

24. Defendant's conduct, as detailed in the preceding paragraph, violated 15 U.S.C. §§ 1692d and 1692d(5).

   a. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

   c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by repeatedly contacting Plaintiff on her cellular telephone when it knew its calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED THE
## TELEPONE CONSUMER PROTECTION ACT

25. Defendant's conduct, as detailed in the preceding paragraphs, violated the Telephone Consumer Protection Act.

26. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

27. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

28. Despite the fact that Plaintiff revoked consent in March 2016 for Defendant to place calls to her, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

29. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

30. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

WHEREFORE, Plaintiff, ROCHELLE YOUNG respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3);

    d. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

    e. Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the

Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

f. Any other relief deemed appropriate by this Honorable Court.

**<u>DEMAND FOR JURY TRIAL</u>**

PLEASE TAKE NOTICE that Plaintiff, ROCHELLE YOUNG, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

By: <u>*/s/ Amy L. B. Ginsburg*</u>
    AMY L. B. GINSBURG, ESQUIRE
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888 ext. 148
    Fax: (877) 788-2864
    aginsburg@creditlaw.com

Date: March 30, 2017

PLAINTIFF'S COMPLAINT